IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 2:18-CR-181-DWA |
| | ) | |
| vs. | ) | |
| | ) | |
| DARLY WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

AMBROSE, United States Senior District Judge

## MEMORANDUM ORDER OF COURT

The Indictment in this case charges Defendant with four counts:  two counts of possession with intent to distribute quantities of mixtures of heroin and para-fluroisobutyryl fentanyl, heroin and fentanyl, and heroin in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(C) (Counts 1 and 3) and two counts of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. §924(c)(1)(A)(i) (Counts 2 and 4).  (ECF No. 3).  Counts 1 and 2 arise out of a traffic stop on May 6, 2018 and Counts 3 and 4 arise out of a traffic stop on May 29, 2018.  Defendant has filed seven Pretrial Motions that are currently pending and ready for review: Motion for Severance (ECF No. 74); Motion to Disclose 404(b) Evidence (ECF No. 76); Motion to Suppress (ECF No. 78); Motion for Early Disclosure of Jencks Act Material (ECF No. 79); Motion for Preservation and Production of Agents' Rough Notes and Reports of Interviews (ECF No. 80); Motion to Compel Production of *Brady* Material (ECF No. 81); and Motion to Dismiss Count Four of the Indictment.  (ECF No. 82).  The Government has filed an Omnibus Response (ECF No. 83).  After careful consideration of the same, I make the following determinations:

***Motion for Severance (ECF No. 74)***

Defendant seeks to sever Counts 1 and 2 from Counts 3 and 4 arguing that they arise out of separate incidents.  (ECF No. 74).  To that end, Defendant contends that there is an undue risk of prejudice trying all four counts in one trial.  *Id.*  Defendant further asserts that his 5th Amendment rights would be compromised if he decides he wants to testify regarding one incident and not the other.  *Id.*  In Response, the Government contends that the motion should be denied because the "May 29 evidence would be admissible in a separate trial involving Counts One and Two and the May 6 evidence would likewise be admissible in a separate trial involving Counts Three and Four." (ECF No. 83, p. 13).  As such, the Government contends that severance would serve no legitimate purpose.  *Id.* at p. 15).

Rule 8(a) of the Federal Rules of Criminal Procedure provides for joinder of offenses if they "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan."  Rule 14 of the Federal Rules of Criminal Procedure provides relief from joinder of offenses if the joinder "appears to prejudice a defendant."  "Joinder does not cause prejudice if it results in the admission of evidence that was otherwise admissible."  *United States v. Harris*, Nos. 2:12–cr–00147–MBC, 2:12–cr–00211–MBC, and 2:12–cr–00212–MBC, 2013 WL 626971 (W.D. Pa. Feb. 20, 2013), *citing, United States v. Coleman*, 22 F.3d 126, 132–33 (7th Cir.1994) and *United States v. Givan*, 320 F.3d 452, 455, 460–62 (3d Cir.2003).  Upon consideration of the two incidents at issue in this case, I agree with the Government that the cases are properly joined and I am confident that any concerns of prejudice can be alleviated by proper jury instructions.  Therefore, I find that severance is not warranted and Defendant's Motion to Sever (ECF No. 74) is denied.

***Motion to Disclose 404(b) Evidence (ECF No. 76)***

Defendant has filed a Motion to Disclose 404(b) Evidence four weeks prior to trial. (ECF No. 76).  Upon review of the same, I find that production of such evidence three weeks prior to

trial is sufficient. (ECF No. 83, p. 3). Therefore, it is ORDERED that the Motion (ECF No. 76) is granted to the extent that the Government is to produce any and all responsive material to this request three weeks prior to trial.

### Motion for Early Disclosure of Jencks Act Material (ECF No. 79)

With regard to the Motion for Early Disclosure of Jencks Act Material (ECF No. 79), Defendant "requests that Jencks material be produced no later than two weeks prior to trial." *Id.* at p. 1. The Government asserts that the motion is premature. (ECF No. 83, p. 2). Upon consideration of the same, Defendant's Motion (ECF No. 79) is granted to the extent that the Government is ORDERED to produce any and all responsive material to the request above two weeks prior to trial.

### Motion for Preservation and Production of Agents' Rough Notes and Reports of Interviews (ECF No. 80)

Defendant has filed a Motion for Preservation and Production of Agents' Rough Notes and Reports of Interviews four weeks prior to trial. (ECF No. 80). Upon review of the same, I find that production of such evidence three weeks prior to trial is sufficient.[1] Therefore, it is ORDERED that the Motion (ECF No. 80) is granted to the extent that the Government is to produce any and all responsive material to these requests three weeks prior to trial.

### Motion to Compel Production of Brady Material (ECF No. 81)

With regard to the Motion to Compel Production of *Brady* Material (ECF No. 81), Defendant seeks any evidence/materials favorable to him and other favorable information in the Government's possession governed by Rule 16 of the Federal Rules of Criminal Procedure. The

---

[1]With regard to the preservation of rough notes and reports, the Government asserts that it has "advised its agents to preserve such material." (ECF No. 83, p. 3).

Government states that it "welcomes the assistance of Mr. Williams in meeting its responsibility to provide exculpatory and/or impeachment information pursuant to the principles established in *Brady v. Maryland,* 373 U.S. 83 (1963) and *Giglio v. United States,* 405 U.S. 150 (1972)."  (ECF No. 83, p. 1).  Given this invitation, Defendant's Motion (ECF No. 81), is denied, as premature at this time.  It is FURTHER ORDERED that counsel work cooperatively to address this issue.  If a trial date approaches and counsel are still at an impasse, Defendant's counsel may file a renewed motion to reassert a request for said material.


**Motion to Dismiss Count Four of the Indictment (ECF No. 82).**

Defendant has also filed a Motion to Dismiss Count Four of the Indictment.  (ECF No. 82). An indictment is sufficient on its face if it "(1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution." *United States v. Huet*, 665 F.3d 588, 595 (3d Cir. 2012), *quoting, United States v. Vitillo*, 490 F.3d 314, 320 (3d Cir. 2007).  "Generally, an indictment will satisfy these requirements where it informs the defendant of the statute he is charged with violating, lists the elements of a violation under the statue, and specifies the time period during which the violations occurred."  *Huet,* 665 F.3d at 595.  No greater specificity is required.  *Id.*  Further, in reviewing a motion to dismiss an indictment, the court must accept the Government's allegations as true. *Id.* at 596-97*; see also, United States v. Besmajian*, 910 F.2d 1153, 1154 (3d Cir. 1990) ("In considering a defense motion to dismiss an indictment, the district court accepts as true the factual allegations set forth in the indictment.").

To begin with, a motion to dismiss an indictment is not a proper vehicle to attack the sufficiency of the government's evidence.  *Huet,* 665 F.3d at 595.  Thus, any potential argument regarding the sufficiency of the evidence is denied.  *See,* ECF No. 82, ¶¶7-8.

In paragraph 9 of his Motion, Defendant specifically alleges that the Indictment "is defective as it does not identify the firearm that was alegedly (sic) possessed in furtherance of the drug trafficking crime." (ECF No. 82, p. 2.).  Applying the above standard to Count Four of the Indictment charging Defendant with possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. §924(c)(1)(A)(i) (Count 4), I find the Indictment is sufficient. The Indictment sets forth the statute charged, the time period of when the violations occurred, and provides enough facts to allow Defendant to prepare his defense.  (ECF No. 3, p. 4).   The identification of a specific firearm is not an element of a violation of 18 U.S.C. 924(c)(1)(A)[2] and, therefore, need not be alleged in the Indictment.  *United States v. Wise,* 515 F.3d 207, 214 (3d Cir 2008).   Consequently, Defendant's Motion to Dismiss Count Four of the Indictment (ECF No. 61) is denied.


**Motion to Suppress (ECF No. 78)**

Finally, Defendant has filed a Motion to Suppress.  (ECF No. 78).  A hearing regarding the same is warranted.  As a result, a telephone conference has been scheduled for October 22, 2020 at 11:00 a.m. to discuss conducting the same via video.


DATED this 20th day of October, 2020.


BY THE COURT:


Donetta W. Ambrose
United States Senior District Judge


---

[2] The elements of a § 924(c)(1)(A)(i) violation that the Government must prove are "(1) the defendant committed the crime of possession with intent to distribute; (2) 'the defendant knowingly possessed a firearm'; and (3) such possession was 'in furtherance of the crime of possession with intent to distribute.'" *United States v. Kelley*, 301 F. App'x 172, 175–76 (3d Cir. 2008).